# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

NICOLE HILL,

    Plaintiff,

-vs-                                      CASE NO.:

EQUIFAX INFORMATION
SERVICES LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Nicole Hill (hereinafter "Plaintiff"), sues Defendant, Equifax Information Services LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Cordova, TN; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Equifax Information Services LLC ("Equifax") is a corporation with its principal place of business in Atlanta, GA that conducts business in the State of Tennessee.

7. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

9. Equifax is one of the "big three" credit reporting agencies in the United States today.

10. Non-party "National Credit System", a third-party debt collector, has been furnishing false information about Plaintiff to Equifax.

11. Specifically, National Credit System is furnishing information to Equifax that Plaintiff owes two debts to National Credit System arising from an apartment Plaintiff leased at "The Grove at Trinity Point."

12. This information is false. Plaintiff does not owe any debt to The Grove at Trinity Point or National Credit System.

13. Plaintiff has repeatedly disputed the National Credit System accounts with Equifax, both by calling Equifax's dispute call center and mailing multiple written dispute letters to Equifax.

14. The dispute letters Plaintiff sent Equifax even contained supporting documents proving indisputably that Plaintiff owes no debt to The Grove at Trinity Point or National Credit System.

15. Despite this, Equifax has repeatedly "verified as accurate" the false information it is reporting, blindly relying on the assertions of National Credit

System (a customer of Equifax) instead of reviewing Plaintiff supporting documentation.

16. It is clear that Equifax conducted no meaningful investigation into Plaintiff's disputes, as it ignored the clear evidence Plaintiff provided and instead sent her boilerplate responses.

17. Moreover, Plaintiff sent a dispute to Equifax in early September 2022. It was received by Equifax on September 4, 2022 at 11:23 am according to United States Postal Service records. However, as of the filing of this Complaint (well over 30 days after the dispute was received by Equifax) Plaintiff has still not received a response from Equifax and the National Credit System accounts remain on Plaintiff's Equifax credit file.

18. As a result of the actions and/or inactions of Equifax, Plaintiff has been denied credit on multiple occasions.

19. As a result of the actions and/or inactions of Equifax, Plaintiff has suffered from emotional distress, including but not limited to sleeplessness, anger, worry, frustration, fear, embarrassment, and humiliation.

20. As a result of the actions and/or inactions of Equifax, Plaintiff has suffered from reduced credit scores.

## COUNT I
## Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

22. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

23. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a financial loss, denials of credit, loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

24. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

25. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

26. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages,

punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681i

27. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

28. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

29. It is clear Equifax conducted no meaningful investigation whatsoever into Plaintiff's multiple disputes, as it repeatedly verified (or failed to even respond to) the false information it is reporting despite Plaintiff providing Equifax everything it needed to know that Plaintiff did not owe the alleged debts in question.

30. Plaintiff went as far as gathering supporting documents and correspondence from witnesses to provide to Equifax in support of her disputes. Equifax again blatantly ignored the indisputable evidence, never contacted Plaintiff to discuss the information she provided, never contacted any of Plaintiff's supporting witnesses,

and instead relied on the assertions of a customer it has known to have furnished false information on multiple occasions in the past.

30. Plaintiff repeatedly provided Equifax with all of the information it needed to confirm that the alleged debt in question did not belong to her, including but not limited to her personal statements and relevant supporting documents. Equifax ignored this information and instead chose to simply verify the information furnished by its customer without conducting any meaningful reinvestigation into any of Plaintiff's repeated disputes.

31. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; denials of credit; loss of the ability to purchase and benefit from credit; financial loss; and the damages otherwise outlined in this Complaint.

32. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

33. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
BPR No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Counsel for Plaintiff*