IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| NICOLE HILL, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:22-cv-02713-SHM-cgc |
| NATIONAL CREDIT SYSTEMS, INC., | ) |
| Defendant. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND DEEM REQUESTS FOR ADMISSIONS ADMITTED AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Defendant National Credit Systems, Inc.'s Motion to Compel and Deem Requests for Admissions Admitted and Motion for Summary Judgment. (See ECF Nos. 95, 99.) Pro se Plaintiff Nicole Hill has not responded to either motion within the time provided in the local rules and has not requested an extension of time to do so. See LR 7.2, 56.1. Defendant's Motion to Compel and Deem Requests for Admissions Admitted (ECF No. 95) is **GRANTED IN PART AND DENIED IN PART**. Defendant's Motion for Summary Judgment (ECF No. 99) is **GRANTED**.

I.   Background

On October 19, 2022, Nicole Hill filed this case against Defendant National Credit Systems, Inc. ("NCS") and other parties; NCS is the only remaining Defendant. (See ECF Nos. 1,

53-55, 58, 59, 63, 64.) Plaintiff filed an amended complaint on February 14, 2023, alleging in Count VIII (the only remaining Count of the Amended Complaint) that Defendant had violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. (See ECF No. 17.)

On October 10, 2023, the Court granted Plaintiff's counsel's motion to withdraw from the case. (See ECF No. 69.) Plaintiff has since proceeded pro se. (See ECF No. 83.)

Discovery in this case closed on August 15, 2024, after the Court granted an extension at Plaintiff's request. (See ECF Nos. 92-94.) The same day, Defendant filed its Motion to Compel and Deem Requests for Admissions Admitted, alleging Plaintiff had not fully responded to Defendant's discovery requests after Defendant had made multiple attempts to obtain responses. (See ECF No. 95.) On September 26, 2024, Defendant filed a Motion for Summary Judgment. (ECF No. 99) Plaintiff has not responded.

**II.  Jurisdiction**

Plaintiff alleges violations of federal law, the FCRA. This Court has jurisdiction under 28 U.S.C. § 1331.

**III. Standard of Review**

Summary judgment is granted if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The movant has the

burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of her case. Peeples v. City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018). There is a dispute about a material fact if the evidence is such that a reasonable jury could return a verdict for the nonmovant. EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (en banc). Inferences must be drawn in the light most favorable to the nonmovant. Bledsoe v. Tenn. Valley Auth. Bd. of Dirs., 42 F.4th 568, 578 (6th Cir. 2022). The Court "is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is 'an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action' rather than a 'disfavored procedural shortcut.'" F.D.I.C. v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)).

**IV. Law**

    **A. Admissions**

Under Federal Rule of Civil Procedure 36, when a party properly serves a request for admission on the other party, that matter "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

    **B. Fair Credit Reporting Act Claim**

In her Amended Complaint, Plaintiff alleges that NCS violated 15 U.S.C. § 1681i (Procedure in case of disputed accuracy) of the FCRA. Plaintiff alleges that that she is entitled to damages for that violation under one or both of § 1681n (Civil liability for willful noncompliance) and § 1681o (Civil liability for negligent noncompliance) of the FCRA.

The FCRA requires entities that furnish information to consumer credit reporting agencies to provide accurate information and imposes a duty on furnishers to conduct an investigation when they receive notice of a dispute "with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." § 1681s-2(b).

The FCRA contains a private right of action for consumers to enforce the duty to investigate in § 1681s-2(b), but not §

4

1681s-2(a); furnishers can be liable under the private right of action for failing to investigate and remediate, but not for initially providing inaccurate information. See Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 615 (6th Cir. 2012).

To prevail, a plaintiff must first prove there was a factual inaccuracy that was "patently incorrect" or "misleading in such a way and to such an extent that it [could have been] expected to have an adverse effect [on the consumer]." See Twumasi-Ankrah v. Checkr, Inc., 954 F.3d 938, 942-43 (6th Cir. 2020) (quoting Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001)) (confirming the same standard applies to both § 1681e(b) and § 1681s-2(b)).

A plaintiff must next show that the furnisher did not conduct an adequate or "reasonable" investigation. See Boggio, 696 F.3d at 616-17 ("how thorough an investigation must be to be 'reasonable' turns on what relevant information was provided to a furnisher by the CRA giving notice of a dispute.") A furnisher's duty to investigate is not triggered until receipt of a consumer's dispute from a consumer reporting agency ("CRA"). See Scott v. First S. Nat'l Bank, 936 F.3d 509, 517 (6th Cir. 2019).

A plaintiff must then show that she is entitled to recover statutory and punitive damages under a willful noncompliance theory (§ 1681n) or actual damages under a negligence

noncompliance theory (§ 1681o(a)). See <u>Safeco Ins. Co. of America v. Burr</u>, 551 U.S. 47, 57-58 (2007) (willful violations of the FCRA include both acts that are known to violate the FCRA as well as those that are taken in reckless disregard of statutory obligations); <u>Beudry v. TeleCheck Services, Inc.</u>, 579 F.3d 702, 705 (6th Cir. 2009).

**V. Analysis**

**A.  Admissions**

Defendant served written discovery on Plaintiff on May 8, 2024, which included instructions about how to respond, recognizing Plaintiff's <u>pro se</u> status. (ECF No. 95 at 2.) Defendant's discovery included 45 requests for admissions. (<u>See</u> ECF No. 95-1 at 17-19.) After Defendant followed up with Plaintiff multiple times, and an extension of discovery by the Court, Plaintiff responded to Defendant's interrogatories by the deadline. (<u>See</u> <u>id.</u> at 2-4.) Defendant replied to Plaintiff's response, asked for responses to Defendant's Requests for Production and Admission, and warned that Motions to Compel and Deem Requests for Admissions Admitted would follow. (<u>See</u> <u>id.</u> at 3-4.) Plaintiff never responded to Defendant's Requests for Admissions and did not file a motion to withdraw or amend any admissions under Federal Rule 36(b). (<u>See</u> <u>id.</u> at 3-5.)

Because Plaintiff failed to respond to Defendant's Requests for Admissions within the Court's discovery deadline,

6

Defendant's Motion to Deem Requests for Admissions Admitted is **GRANTED**. See Fed. R. Civ. P. 36.

### B. Summary Judgment on FCRA Claim

The heart of Plaintiff's case against NCS is that: (1) NCS furnished the false information to consumer reporting agencies that Plaintiff owed multiple debts arising from an apartment leased at "The Grove at Trinity Point," (2) Plaintiff disputed that she owed those debts, and NCS failed to reasonably investigate that dispute, and (3) Plaintiff suffered harm from NCS's willful or negligent violation of the FCRA. (See ECF No. 17 ¶¶ 21-22, 25-26, 85-92.) Three accounts were created with NCS showing Plaintiff owed debts to the Grove at Trinity Point Apartments: Account 1 had a balance of $100 relating to a rental application fee chargeback, Account 2 had a balance of $2,666.40 for unpaid rent, and Account 3 had a balance of $800 relating to a security deposit arrangement. (See ECF No. 99-1 at 2-3.)

Defendant argues that: it never furnished inaccurate credit information because Plaintiff does in fact owe the debts related to the apartment lease at issue, NCS never received a dispute from Plaintiff about Account 2 until after she had filed this lawsuit, NCS conducted a reasonable investigation to confirm the debts it believes Plaintiff owes, and Plaintiff suffered no harm from Defendant's actions because she did not attempt to use her credit during the relevant time. (See ECF No. 99-1.)

7

The Court need not make a factual determination about whether Plaintiff owes each debt that NCS alleges. Plaintiff's admissions are fatal to her claim.

Defendant's Requests for Admissions have been deemed admitted. Plaintiff admits that: she "never directly provided NCS with any documentation supporting her claim that she didn't owe the original creditor" the alleged debts;[1] she suffered no damages as a result of any action by Defendant; she "never actually submitted an application for any line(s) of credit in the time period from when she was evicted from The Grove at Trinity Point up to the date of filing" her lawsuit; she has no documentary evidence to substantiate her claims that Defendant violated the FCRA; and that she has no evidence that Defendant negligently or willfully violated the FCRA. See supra § V-A. (See ECF No. 95-1 at 17-19.)

---

[1] Although Plaintiff admits she has no documentary evidence, Plaintiff did reference in her interrogatory answers a document she produced to Defendant from the Clerk's Office of the Civil Division of the Shelby County General Sessions Court. Defendant addresses that document in its Motion for Summary Judgment, noting that the letter from the Clerk states only that the judgment in that state case "was for possession only" and "that no monetary judgment was taken against Nicole Hill on the above case." (ECF No. 99-7.) Defendant points out in its Motion that the absence of a monetary judgment in a possession only case does not mean that Plaintiff does not owe the debt to the apartment company. It means only that the court did not award a monetary judgment. (See ECF No. 99-1 at 3-5.) Even if Plaintiff had not admitted she had no documentary evidence, this document would not be probative of whether she owed the debt.

Plaintiff needed to prove that: (1) NCS furnished 'patently incorrect' information; (2) NCS failed to conduct a reasonable investigation under the circumstances; and (3) (a) she suffered actual damages from NCS's negligent violation, or (b) NCS knowingly or with reckless disregard violated its FCRA obligations. See supra discussion of legal standard at IV.B.

Plaintiff admits she submitted no documentation to NCS which would allow it to investigate her claim. NCS attempted, nevertheless, to conduct an investigation when it received disputes from the CRAs, although the disputes "contained no supporting evidence or descriptions of the dispute." (See ECF No. 99-1 at 13.) NCS reviewed the documents provided by the original creditor, including the original creditor's "affirmation that the Account was accurate and owed," Plaintiff's personally identifying information, her lease, her bond agreement, and breakdowns of charges. (See id.) Although Plaintiff has admitted she has no documentary evidence of any violation, Defendant has submitted a sworn declaration attesting to its investigative process, the fact that the automated CRA disputes lacked any accompanying documentation or narrative, and the fact that Plaintiff never submitted a dispute for Account 2. (See ECF No. 99-6.) A reasonable jury could not find that Defendant's investigation was unreasonable given the undisputed

evidence. See Boggio, 696 F.3d at 616-17; EEOC v. Ford, 782 F.3d at 760.

Plaintiff has also admitted that she has suffered no actual damages and has no evidence that Defendant willfully or negligently violated the FCRA. She is not entitled to relief under the FCRA without proving a willful or negligent violation under 15 U.S.C. §§ 1681n or 1681o. She has admitted that she cannot do so. See supra § V.A. (See ECF No. 95-1 at 19) That is independently fatal to her claim.

Because Defendant has shown that Plaintiff lacks evidence to support one or more essential elements of her case, Defendant is entitled to summary judgment as a matter of law. See Peeples, 891 F.3d at 630.

**VI. Conclusion**

Defendant's Motion to Compel and to Deem Admissions Admitted, or in the Alternative, for Sanctions (ECF No. 95) is **GRANTED IN PART AND DENIED IN PART** as follows: Defendant's Motion to Deem Requests for Admissions Admitted (ECF No. 95) is **GRANTED**; Defendant's Motion to Compel (ECF No. 95) is **DENIED AS MOOT**; Defendant's Alternative Motion for Sanctions (ECF No. 95) is **DENIED**.

Plaintiff Nicole Hill has failed to participate fully in this litigation and has not produced the evidence necessary to sustain her claims. Because Plaintiff cannot meet one or more

necessary elements of her FCRA claims, there is no longer a genuine issue of material fact, and Defendant is entitled to summary judgment as a matter of law. Defendant's Motion for Summary Judgment is **GRANTED**. This action is **DISMISSED WITH PREJUDICE.**

SO ORDERED this *3rd* day of January, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE